UNITED STATES DISTRICT COURT             JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **ED CV 13-1716-JFW (SPx)**                          Date:  October 18, 2013

Title:    Jose Mendoza-Alvarez, et al. -v- Andrus Transportation Services, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                             None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT

On August 9, 2013, Plaintiffs Jose Mendoza-Alvarez and Elodia Alvarez ("Plaintiffs") filed a Complaint against Defendants Andrus Transportation Services, Inc. and Alan R. Wasilewski ("Defendants") in Riverside County Superior Court.  On September 20, 2013, Defendant Andrus Transportation Services, Inc. ("ATS") filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, ATS bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

ATS fails to meet its burden of demonstrating that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Persons are domiciled in the places they reside with the intent to remain or to which they

intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  In the Notice of Removal, ATS alleges the residency, rather than the citizenship, of Plaintiff Jose Mendoza-Alvarez, Plaintiff Elodia Alvarez, and Defendant Alan R. Wasilewski.  *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency").

In addition, when, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also*  28 U.S.C. § 1446(c)(2).  "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In its Notice of Removal, ATS contends that the amount in controversy exceeds $75,000, citing the allegations of Plaintiffs' Complaint in which they seeks damages for "wage loss, loss of use of property, hospital and medical expenses, general damages, property damages, pain and suffering," and that Plaintiff Elodia Alvarez may need shoulder surgery.  *See* Notice of Removal at ¶¶ 6-7.  However, these conclusory allegations do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Moreover, the failure of Plaintiffs' counsel "to affirmatively state that Plaintiffs' damages in this action do not exceed $75,000, in the face of [ATS's] counsel's expressed understanding they do" does not demonstrate by a preponderance of the evidence that Plaintiffs' damages exceed $75,000. Notice of Removal at ¶ 11.

For the foregoing reasons, this action is **REMANDED** to Riverside County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.